IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE WAINWRIGHT, Inmate #N20490,<br><br>             Plaintiff,<br><br>vs.<br><br>DONALD HULICK, ALAN UCHTMAN, MAJOR WINE, S.P. FURLOW, MAJOR REDNOW, MAJOR INMAN, LT. KORANDO, LAWRENCE KANIA, TERRY HASEMEYER, JASON VASQUEZ, ALLEN MARTIN,<br><br>             Defendants. | CIVIL NO. 06-402-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>         (1) is frivolous, malicious, or fails to state a claim on which relief may
>         be granted; or
>         (2) seeks monetary relief from a defendant who is immune from such
>         relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Inman, Korando, Wine, Rednow, Kania, Furlow, Vasquez, Hasemeyer, and Uchtman for unlawful retaliation against Plaintiff for prior lawsuits.
>
> **COUNT 2:** Against Defendants Inman, Korando, Wine, Rednow, Kania, Furlow, Vasquez, Hasemeyer, and Uchtman for violations of the equal protection clause.

### FACTUAL ALLEGATIONS

Based on Plaintiff's statement of facts and the exhibits submitted the complaint, the Court has gleaned the following. On January 30, 2006, Defendant Kania wrote a disciplinary report charging Plaintiff with fighting. In a subsequent disciplinary hearing, Plaintiff pleaded not guilty, but Defendants Hasemeyer and Vasquez found him guilty of the charges and disciplined him with six months in segregation, a six-month demotion to c-grade, and a six-month commissary restriction. Defendant Uchtman affirmed the disciplinary measures.

Plaintiff grieved the finding of guilt, arguing that although he was present at the fight between two other inmates, he was not involved in it. On March 9, 2006, Grievance Officer Tyrone Murray affirmed Plaintiff's grievance, and recommended that the disciplinary report against him be expunged. Defendant Uchtman affirmed the recommendation, and the charges against Plaintiff were formally

expunged by the adjustment committee.

## COUNT 1

Plaintiff argues that Defendants Inman, Korando, Wine, Rednow, Kania, and Furlow acted in retaliation for Plaintiff's prior lawsuit by writing a false disciplinary report and confining him in segregation prior to a hearing based on the false charges; that Defendants Vasquez and Hasemeyer acted in retaliation for prior litigation in finding Plaintiff guilty of the false charges; and that Defendant Uchtman acted in retaliation for prior litigation in approving the disciplinary findings.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Based on Plaintiff's allegations and these legal standards, Count of the complaint 1 cannot be dismissed from the action at this point in the litigation.

## COUNT 2

Plaintiff also argues that Defendants Inman, Korando, Wine, Rednow, Kania, Furlow, Vasquez, Hasemeyer, and Uchtman, all white, acted against Plaintiff, an African-American, because of his race, in violation of the equal protection clause of the Fourteenth Amendment. Plaintiff states specifically that none of the defendants subject white inmates to such treatment.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff

can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 681 F.2d 1091, 1103 -1104 (7th Cir. 1996), *quoting Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

Based on these legal standards, the Court cannot find that Plaintiff has failed to state an equal protection claim. Accordingly, Plaintiff may proceed on Count 2 of the complaint.

### DEFENDANTS

A word about defendants is in order. Plaintiff also names Donald Hulick and Allen Martin as defendants in the caption of his complaint. The statement of claim, however, does not include any allegations against these defendants. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Defendants Hulick and Martin are **DISMISSED** as defendants from the action.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendant Uchtman* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and

Order.[1]  The Clerk is **DIRECTED** to send Plaintiff **1** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Inman, Korando, Wine, Rednow, Kania, Furlow, Vasquez, Hasemeyer, and Uchtman*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Inman, Korando, Wine, Rednow, Kania, Furlow, Vasquez, Hasemeyer, and Uchtman* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address

---

[1] The Court's docket indicates that Plaintiff has already submitted USM 285 forms for every other defendant.

information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTIONS

Also pending before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).  When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts.  *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).  Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

**Dated:  February 5, 2007**

                                                       **s/ J. Phil Gilbert**
                                                       **U. S. District Judge**